UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BARBARA KATZ,

                                       Plaintiff,

        -against-

ADECCO USA, INC., SAVOY CAPITAL,
INC., FRANCISCO LORENZO, and STEPHEN
HAZELTON,

                                   Defendants.

11 Civ. 2540 (HB) (AJP)

**OPINION AND ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       This is a discrimination dispute under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA").  Before the Court is a motion for summary judgment filed by Defendant Savoy Capital, Inc. ("Savoy") on the grounds that it is not an employer within the meaning of the ADA because it does not meet the requisite statutory threshold of having 15 or more employees.  For the following reasons, the motion is denied without prejudice and Savoy may renew its motion after Plaintiff Barbara Katz ("Plaintiff") has had the opportunity to take some limited discovery.

## I. BACKGROUND

       Savoy is a private investment firm which invests as principal, as well as on behalf of affiliated entities and private investors.  Plaintiff interviewed for a position of Executive Assistant/Office Manager in Savoy's New York City office (the "Position") in March 2010.  Plaintiff was informed in April 2010 by Defendant Adecco USA ("Adecco"), an executive recruiting firm, that she had not been selected for the Position.

       Plaintiff alleges that she was required to fill out a pre-employment questionnaire that inappropriately sought information regarding her medical history.  Plaintiff alleges that she informed Phyllis Ehrlich, an Executive Recruiter for Adecco, that she was a breast cancer survivor, but did not disclose that on the questionnaire, and that she was not offered the Position in retaliation for her refusal to fully answer the question.  She filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 3, 2010, alleging that Savoy

1

and Adecco violated the ADA, in connection with her application for the Position. On April 13, 2011, Plaintiff filed the instant action against Savoy, Adecco, Francisco Lorenzo, and Stephen Hazelton (collectively "Defendants"). Savoy moves for summary judgment alleging that it is not an employer within the meaning of the ADA because it does not meet the requisite statutory threshold of having 15 or more employees.

## II.  DISCUSSION

### A.  Legal Standard

A motion for summary judgment must be granted if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must resolve all ambiguities and draw all inferences against the moving party. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005). Before granting summary judgment, the non-movant "must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (internal citation and quotation marks omitted).

### B.  The Required Number of Employees under the ADA

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Covered entities include employers who have "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §§ 12111(2) and (5)(A). The United States Supreme Court has identified a thirteen-factor test for determining whether an individual is an employee in discrimination cases. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989).

Savoy argues that it is not subject to the antidiscrimination provisions of the ADA because it did not employ at least fifteen employees during the relevant time period. This Court has awarded summary judgment to an employer where quarterly payroll tax filings evidenced that "plaintiff's ADA claim fails as a matter of law, defendant not being a 'covered entity' or 'employer' under the terms of the statute since [it] does not have the requisite number of employees." *See Orton v. Pirro, Collier, Cohen, Crystal & Block*, No. 95 Civ. 3056 (RO), 1996

U.S. Dist. LEXIS 437, at *3 (S.D.N.Y. Jan. 17, 1996); *see also Fitzgibbons v. Putnam Dental Assocs.*, 368 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2005) (granting summary judgment for an employer where the plaintiff did not contest or offer any evidence to oppose the defendant's assertion that the employer did not meet the fifteen employee threshold). Savoy has produced its payroll tax filings for 2009, 2010, and the first quarter of 2011 and submitted affidavits that it does not employ 15 or more employees. (Hazelton Aff. ¶¶ 4-6, Exs. A - C.) Savoy argues that these documents prove that at no time during this period has Savoy employed 15 or more employees.

The Second Circuit has cautioned courts against placing extra weight on the benefits and tax treatment factors enumerated in *Reid*, and encouraged courts to place special weight on the extent to which the hiring party controls the "manner and means" by which the worker completes her assigned tasks. *See Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 117 (2d Cir. 2000); *see also Foresta v. Centerlight Capital Mgmt. LLC*, 379 F. App'x 44, 46 (2d Cir. May 27, 2010) (reversing a grant of summary judgment where the District Court initially concluded that certain individuals "were not 'employees' within the meaning of the ADA based primarily on their tax treatment").

Plaintiff argues that Savoy's attempt to dismiss Plaintiff's ADA claim is premature because Plaintiff has not had the opportunity to conduct discovery. The Second Circuit has held that summary judgment may be premature prior to an adequate opportunity for discovery. *See, e.g.*, *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment entered before any discovery had taken place). "Fed. R. Civ. P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001); *see also Sereika v. Patel*, 411 F. Supp. 2d 397, 405 (S.D.N.Y. 2006) (denying the defendants' motion for summary judgment without prejudice and granting the defendants leave to renew their motion after relevant discovery has been completed). "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be

obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)).

Plaintiff argues that it seeks discovery to identify the number of individuals who having an employee relationship with Savoy under the thirteen factors in *Reid*, which will establish whether Savoy meets the numerosity requirement of the ADA. Plaintiff alleges that it requested that the EEOC review Savoy's accounting books and other records to determine if there are additional individuals who may be considered employees and that the EEOC did not request, nor did Savoy produce, such records. Therefore, Plaintiff has met, if barely, its burden to show that discovery is necessary. Accordingly, this Court will defer decision of the motion until Plaintiff has had the opportunity to take discovery on this issue and rebut the motion.

### C. Supplemental Jurisdiction

Plaintiff's Complaint also contains two counts of disability discrimination under the New York State Human Rights Law and the Administrative Code of the City of New York. (Compl. ¶ 8.) A district court's exercise of supplemental jurisdiction over state law claims is discretionary. 28 U.S.C. § 1367(c). This Court will decide whether to exercise supplemental jurisdiction over the state and city claims when reaching a decision on whether the ADA applies to Savoy.

### III. CONCLUSION

Savoy's motion for summary judgment is denied without prejudice. Plaintiff has 30 days from the date of this Order to conclude discovery limited to the issue of whether Savoy employed the requisite number of employees. Savoy may renew its motion upon the completion of the 30 day discovery period.

**SO ORDERED.**

New York, New York
June /6, 2011

_____
Hon. Harold Baer, Jr.
U.S.D.J.

4